UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| GREGORY KONRATH, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:17 CV 78 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Gregory Konrath, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (WCU 17-01-172) at the Westville Correctional Facility where a disciplinary hearing officer (DHO) found him guilty of bribing. He lost 60 days Earned Credit Time and was demoted from Credit Class B to Credit Class C. He raises three claims in his petition.

In Ground One, he argues that he was not given 24 hours written notice with the time, date, and place of the hearing as required by State law. However, violations of State law are not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Konrath also argues that this violated his due process rights. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires that an inmate be given 24 hour advance written notice of the factual basis of the charges against him, there is no federal constitutional due process right to be told the

time, date, or place of the hearing 24 hours in advance. Therefore Ground One is not a basis for habeas corpus relief.

In Ground Two, he argues that he was denied the right to call witnesses and present evidence. However that is not true. When he was notified of the charge in this case, he was asked if there were any witnesses or evidence he wanted to present. (DE # 1-1 at 2.) He indicated that "I do not wish to call any witnesses" and "I do not request any physical evidence." (*Id*.) Konrath signed that form acknowledging that he had "been advised of [his] rights under due process as enumerated above." (*Id*.) Though *Wolff* requires that an inmate be given the opportunity to call witnesses and present evidence, an inmate can (and Konrath did) waive that right. Therefore Ground Two is not a basis for habeas corpus relief.

In Ground Three, he argues that a prison disciplinary hearing can be challenged even if it does not result in the lengthening of the duration of confinement. As such, he argues that *Konrath v. Superintendent*, 3:16-CV-839 (N.D. Ind. filed December 8, 2016), was wrongly decided. However, these arguments are not relevant to this case. Nothing that happened in that prior lawsuit is a basis for habeas corpus relief in this case. Therefore Ground Three is not a basis for habeas corpus relief.

If Konrath wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case. Gregory Konrath is **DENIED** leave to proceed in forma pauperis on appeal.

**SO ORDERED.**

Date: February 2, 2017

s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT